FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2020

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA PARKER, Individually and on**  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                      No. 4:20-cv-799-JM

**SALEM PLACE NURSING AND**              **DEFENDANT**
**REHABILITATION CENTER, INC.**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Cynthia Parker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Thomas Odom and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Salem Place Nursing and Rehabilitation Center, Inc. ("Defendant"), she states and alleges as follows:

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

**I.    PRELIMINARY STATEMENTS**

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay lawful overtime compensation under the FLSA and the AMWA.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

6. Plaintiff is an individual and resident of Stone County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service is Kirkman T. Doughery, at 5000 Rogers Avenue, Suite 500, Fort Smith, Arkansas 72903.

9. Defendants maintain a website at https://www.salemplacerehab.com/.

## IV.  FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant owns and operates a nursing home in Faulkner County.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and office equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

15. At all times relevant to the allegations in this Complaint, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e), and the AMWA, Ark. Code Ann. § 11-4-203(3).

16. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

17. At all times material herein, Defendant is, and has been, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, Ark. Code Ann. § 11-4-203(4).

18. Plaintiff worked for Defendant as an hourly-paid licensed practical nurse from approximately June of 2018 until June of 2020.

19. Defendant also employed other individuals to work as Nurses.

20. Defendant also paid other Nurses an hourly wage.

21. As a Nurse, Plaintiff's duties included administering medication and treatments, and making assessments.

22. Other Nurses had similar duties to Plaintiff.

23. Plaintiff regularly worked over forty hours per week.

24. Other Nurses also regularly worked over forty hours per week.

25. When Plaintiff and other Nurses worked 32 to 40 hours in a week, Plaintiff and other Nurses were paid for 40 hours.

26. For the first 8 hours of overtime per week (i.e., hours 40.01 to 48), Plaintiff and other Nurses were paid their regular rate of pay rather than one and one-half times their regular rate of pay.

27. Plaintiff and other Nurses were paid one and one-half times their regular rate of pay for all hours worked over 48 hours per week

28. Defendant did not pay Plaintiff and other similarly situated employees an overtime premium of one and one half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

29. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other similarly situated employees violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

32. Plaintiff proposes the following class under the FLSA:

**All hourly-paid Nurses who worked more than
forty hours in any week within the last three years.**

33. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were classified by Defendants as nonexempt from the overtime requirements of the FLSA;

B. They had the same or similar job duties;

C. They were paid an hourly wage; and

D. They were subject to Defendants' common policy of failing to pay an overtime premium for all hours worked over forty (40) per week.

36. Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

37. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

38. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

39. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

45. Defendant failed to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours per week.

46. Defendant knew or should have known that their actions violated the FLSA.

47. Defendant's conduct and practices, as described above, were willful.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

49. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

56. Defendant failed to pay Plaintiff and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty hours per week.

57. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

58. Defendant knew or should have known that their actions violated the FLSA.

59. Defendant's conduct, as described above, has been willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

66. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

67. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

68. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

69. Defendant knew or should have known that its practices violated the AMWA.

70. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Cynthia Parker, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.    An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CYNTHIA PARKER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Thomas Odom
Ark. Bar No. 2017132
thomas@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com